Filed 3/6/13  P. v. Cisneros CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICKY HENRY CISNEROS,<br><br>Defendant and Appellant. | B244211<br><br>(Los Angeles County<br>Super. Ct. No. KA098761) |

APPEAL from a judgment of the Superior Court of Los Angeles County,

Mike Camacho, Judge.  Modified, and as modified, affirmed.


California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under

appointment by the Court of Appeal, for Defendant and Appellant.


No appearance for Plaintiff and Respondent.

———————————

Defendant and appellant Ricky Henry Cisneros appeals from the judgment entered following his plea of no contest to unlawfully carrying a dirk or dagger (Pen. Code, § 21310)[1] and his admissions that he previously had been convicted of attempted murder (§§ 664, 187) within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served two prior prison terms (§ 667.5, subd. (b)). The trial court sentenced Cisneros to eight years in prison. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts.*[2]

On July 23, 2012, Cisneros was riding his bicycle down the street. It appeared to some police officers who were on patrol in the area that the bicycle did not have functional brakes. The officers stopped Cisneros and asked him if he was on probation or parole. Cisneros told the officers that he had been released from prison five days earlier and was on parole. He admitted that he had no identification and that he had in his possession a knife which he was carrying for protection. After the officers removed from Cisneros's pants pocket a knife and a capped syringe, they placed him under arrest and took him into custody.

2. *Procedural history.*

On July 25, 2012, a felony complaint was filed charging Cisneros with unlawfully carrying a dirk or dagger on his person (§ 21310) (count 1) and the misdemeanor of

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     As Cisneros waived his right to a preliminary hearing, the facts have been taken from the probation report.

possession of an opium pipe (Health & Saf. Code, § 11364.1, subd. (a)(1)) (count 2). It was further alleged that, in 1996, Cisneros had been convicted of the serious or violent felonies of attempted murder (§§ 664, 187), attempted robbery (§§ 664, 211) and first degree burglary (§ 459) within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and for purposes of section 1170, subdivision (h)(3). Finally, it was alleged pursuant to section 667.5, subdivision (b) that Cisneros had served prison terms for attempted murder (§§ 664, 187), the battery of a custodial officer while in the performance of his or her duties (§ 243.1) and the unauthorized possession of drugs or alcoholic beverages in prison (§ 4573.8).

At a hearing held on July 25, 2012, the trial court indicated that it was in possession of "an advisement of rights, waiver, and plea form indicating that [Cisneros was] interested in resolving his case at [that] very early stage [of the proceedings] by entering a plea of guilty or no contest to count 1, . . . carrying a dirk or dagger." The court noted, however, that "[w]hat aggravate[d] his case [was] his criminal history which [was] significant. [But] [t]he People [were evidently] willing to overlook what otherwise could [have been] a life sentence and [instead to] strike at least two strikes to allow [Cisneros] to take advantage of a second-strike case settlement [and] receive an eight-year commitment [to] the state prison."

Counsel for Cisneros then inquired of the trial court whether it would consider a sentence of less than eight years. The court responded by addressing Cisneros and stating, "Well, before I could even consider that, Mr. Cisneros, you would have to enter an open plea, meaning that you would plead guilty to everything charged, admit the truth

3

of all strikes and take your chances in terms of convincing me at a sentencing hearing that you are worthy [of being] treated . . . as a second or even non-strike offender." After indicating that it would "look at a variety of things," including the seriousness of the present offense, the number and significance of Cisneros's priors and his record while on parole, the trial court indicated that it "very well could [impose] a life sentence." On the other hand, the court stated that "[w]hether or not [it] could do better than [eight years was] uncertain." The court continued, "If you want to gamble, it could be worse. It could be better. But I cannot guarantee you exactly what I would do . . . [s]o you may want to take advantage of the People's offer."

After conferring with his counsel, Cisneros decided to accept the disposition being offered by the People. He completed and signed a form in which he indicated that, in exchange for a term of eight years in prison, he was willing to waive his right to a preliminary hearing, his right to a jury trial, his right to a court trial, his right to confront and cross-examine the witnesses against him, his right to use the subpoena power of the court to produce and present evidence favorable to him, his right to testify on his own behalf and his right to remain silent. In addition, Cisneros "stipulate[d] and agree[d] that there [was] a factual basis for [his]" plea and admissions. Cisneros then entered a plea of no contest to "count 1, . . . a violation of . . . section 21310, . . . carrying a dirk or dagger, a felony" and admitted the truth of one prior felony conviction, a 1996 attempted murder, within the meaning of the Three Strikes law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)). Cisneros also admitted, for purposes of section 667.5, subdivision (b), that in April 2005, he had been convicted of and served a prison term for battery against a custodial

4

officer while he was in the performance of his duties (§ 243.1) and that in 1996 he was convicted of and sentenced to prison for attempted murder (§§ 664, 187). Cisneros's counsel "join[ed] in the waivers, concur[red] in the plea and admissions [and] stipulate[d] to a factual basis [for the plea] based upon [his] review of arrest reports."

The trial court accepted the plea and admissions and found that they had been freely and voluntarily made in that Cisneros had "expressly, knowingly, [and] intelligently waived his constitutional rights." The court found a factual basis for the plea and admissions "based upon arrest reports," and found Cisneros guilty "based upon his plea to count 1." The court also found true the allegations of prior felony convictions and prison terms.

After Cisneros waived arraignment for judgment and sentencing, the trial court deemed the complaint an information "for purposes of plea and sentence." The court imposed the high term of three years for Cisneros's conviction of carrying a dirk or dagger (§ 21310), then doubled the term to six years pursuant to the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). "In addition and consecutive," the court imposed "one additional year for each of two state prison priors admitted pursuant to [section] 667.5, subdivision (b), for a total aggregate sentence of eight years." After it awarded Cisneros presentence custody credit for three days actually served and three days of good time/work time, for a total of six days,[3] the trial court dismissed the remaining count and allegations.

---

[3]     The abstract of judgment indicates Cisneros was awarded presentence custody credit for six days actually served and six days of good time/work time. The trial court is

5

The court imposed a $240 restitution fine (§ 1202.4, subd. (b)), a stayed $240 parole revocation restitution fine (§ 1202.45), a $40 court operations assessment (§ 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment (Gov. Code, § 70373). The court then "remanded" Cisneros and set a "post-sentence nonappearance" hearing for August 8, 2012.

On August 6, 2012, the case was called for "further proceedings." Cisneros, however, failed to appear and the matter was continued to the following day, August 7. On August 7, Cisneros was still not present, but was represented by counsel. Cisneros had made a motion to withdraw his plea and the trial court denied it without prejudice, indicating that it could be re-filed "within the statutory time."

On August 21, 2012, Cisneros wrote to his trial counsel a letter in which he indicated that he was "not satisfied with the 8 year plea agreement." Cisneros asserted that he was "completely incompetent" at the time he entered the plea as he was going through "drug withdrawal[]." Cisneros believed that "a lot of options were 'overlooked' " and that counsel had been ineffective. He wished to appeal the judgment on those grounds as well as on the basis that there had been an "illegal search and seizure" and "wrongful sentencing." Counsel forwarded the letter and two exhibits attached to it to the superior court, which received it on August 31, 2012.

---

directed to correct the abstract to show that Cisneros served three days of actual time and was awarded three days of good time/work time, for a total of six days, and to forward a corrected copy to the Department of Corrections.

6

At a hearing held on September 21, 2012, the trial court indicated that it had read and considered the requests made by Cisneros in his letter. The court denied Cisneros's "motion" based on its conclusion that "[a] review of the record clearly show[ed] that [Cisneros] freely and voluntarily entered into a plea agreement with the prosecution." The court indicated that "[t]here [was] absolutely no evidence that [Cisneros] lacked the exercise of free judgment."

Cisneros filed a timely notice of appeal and request for a certificate of probable cause on September 24, 2012. In his request for a certificate, he asserted that his counsel had been ineffective and that he had been unlawfully sentenced. Cisneros urged that, under those circumstances, he should be allowed to withdraw his plea. However, on the same day that it was filed, the trial court denied Cisneros's request for a certificate of probable cause. Then, on October 2, 2012, this court issued an order stating that "[i]n light of the fact that the certificate of probable cause was denied, the appeal filed on September 24, 2012, is limited to non-certificate issues."

## CONTENTIONS

After examination of the record, counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed November 30, 2012, the clerk of this court advised Cisneros to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. No response has been received to date.

7

**REVIEW ON APPEAL**

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

**DISPOSITION**

The trial court is directed to correct the abstract of judgment to reflect an award of presentence custody credit of three days actually served and three days of good time/work time, for a total of six days. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CROSKEY, J.

We concur:

KLEIN, P. J.

KITCHING, J.

8